■ JACK LEVITT, Individually and on Behalf of All Others Similarly Situated as MEMBERS OF SIXTIETH STREET CAB ASSOCIATION, INC., Appellant, v FIREMAN'S FUND INSURANCE COMPANIES et al., Respondents, et al., Defendants.—In a class action *inter alia* to declare a certain assessment· of the defendant National Surety Corp. to be unenforceable, plaintiff appeals from an order of the Supreme Court, Queens County, entered December 29, 1975, which, *inter alia,* (1) granted respondents' motion for summary judgment dismissing the complaint as against them and (2) granted judgment to defendant National Surety Corp. on its counterclaims. Order modified, on the law, (1) by deleting the second decretal paragraph thereof, which dismissed the complaint as against respondents, and substituting therefor a provision declaring that section 58 of the Insurance Law is not applicable to a surety bond issued pursuant to section 370 of the Vehicle and Traffic Law, and (2) by deleting so much of the third decretal paragraph thereof as directed the clerk to enter a judgment dismissing the complaint as against respondents, and substituting therefor a provision directing the clerk to enter a judgment in accordance with the aforesaid declaration. As so modified, order affirmed, without costs or disbursements. A surety bond purchased pursuant to the requirements of section 370 of the Vehicle and Traffic Law and section 329 of the Insurance Law is not treated as an insurance policy. Neither the Sixtieth Street Cab Association nor the National Surety Corp. is a mutual insurance company and, therefore, section 58 of the Insurance Law is not applicable. Plaintiff and the other members of the association signed an indemnity agreement when they purchased the surety bonds and they are liable to indemnify and exonerate

the National Surety Corp. for claims covered by those bonds. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.